No. 80-100

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

KENNETH KIENAS,

Claimant and Appellant,

-vs-

JAMES G. PETERSON, Employer

and

STATE COMPENSATION INSURANCE FUND,

Defendant and Respondent.

Appeal from: Workers' Compensation Court, The Honorable
William E. Hunt, Judge presiding.

Counsel of Record:

For Appellant:

Datsopoulos, MacDonald & Lind, Missoula, Montana

For Respondent:

Garrity, Keegan & Brown, Helena, Montana

For Amicus Curiae:

Marra, Wenz, Johnson & Hopkins, Great Falls
Gough, Shanahan, Johnson & Waterman, Helena,
Montana
Crowley, Haughey, Hanson, Toole & Dietrich,
Billings, Montana

Submitted on Rehearing: Nov. 12, 1980

Decided: MAR 4 - 1981

Filed: MAR 4 - 1981

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an opinion on rehearing.

On October 22, 1980, this Court issued Kienas v. State Fund (1980), ____ Mont. ____, ____ P.2d ____, 37 St.Rep. 1747. There we set aside a full and final compromise settlement agreement entered into by an injured workman (claimant Kenneth Kienas) and the Workman Compensation State Fund. The agreement was set aside because of mutual mistake of a material fact by both parties upon entering into the agreement. We remanded the case to the Workers' Compensation Court to determine the extent of the injuries that were sustained by claimant and for appropriate compensation.

Subsequently, a petition for rehearing was filed with this Court on our decision in Kienas. We reaffirm our decision and will address several issues raised by the rehearing petition.

Petitioner argues that the Workers' Compensation Court had no power to alter or rescind a full and final compromise settlement agreement four years after the parties had executed the same. Section 39-71-204, MCA. However, in Kienas, the Workers' Compensation Court did not set aside the agreement. This Court set aside the agreement. Our appellate power is not limited to section 39-71-204 or 39-71-2909, MCA. See section 3-2-204, MCA.

It is a universally accepted tenet of contract law, statutory in our state, that consent to the contract is lacking if it is entered into through mutual mistake of a material fact by the parties. We found such a mutual mistake in the compromise settlement agreement in this case. In applying ordinary contract law to reach our result, we are not unduly broadening the possibilities of reopening workers' compensation settlements. We

are simply finding here that a contract to settle did not exist in the first place.

The petition for rehearing is denied.

_____
                                            Justice

We concur:

_____
Chief Justice

_____


_____
Justices

This cause was submitted prior to January 5, 1981.